IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DORIS HULLETT ) | |
| ) | |
| v. ) | No. 2:11-0016 |
| ) | Magistrate Judge Bryant |
| DEKALB COUNTY, TENNESSEE, et al. ) | |

# M E M O R A N D U M

## I.

On November 8, 2011, this civil action was reassigned to the docket of the undersigned for all further proceedings, including entry of final judgment, pursuant to the consent of the parties. (Docket Entry Nos. 41, 42)

Currently pending are motions to dismiss by the two groups of defendants in this case: on the one hand, the "DeKalb County defendants" (DeKalb County, Sheriff Patrick Ray, Kenneth Ray, Rick Smith, Jim Hendrix, Mark Nichols, Ernie Hargis, and Kyle Casper) seek the dismissal of the state law claims against them, citing this Court's lack of subject matter jurisdiction over the Tennessee Governmental Tort Liability Act ("GTLA" or "the Act") claim against DeKalb County, in addition to arguing that the Court should decline to exercise its supplemental jurisdiction over any of plaintiff's state law claims (Docket Entry No. 25); on the other hand, the "Southern Health defendants" (Southern Health Partners ("SHP"), Renee Riddle, LPN, and Robert Alan Stultz, PA) seek the dismissal of plaintiff's Tennessee Consumer Protection Act ("TCPA") claim against SHP for lack of standing and failure to state a claim, as well as the dismissal of plaintiff's remaining state law claims on the grounds raised by the DeKalb County defendants pertaining to the declination of

supplemental jurisdiction. (Docket Entry No. 28) For the reasons given below, and by Order entered contemporaneously with this Memorandum, these motions to dismiss will be GRANTED in part and DENIED in part.

II.

Plaintiff's Amended Complaint

This case is within the original, federal question jurisdiction of this Court pursuant to 28 U.S.C. § 1331, inasmuch as plaintiff's Amended Complaint alleges a deprivation of the Fourteenth Amendment rights of her son and decedent, Mr. Jackie Lee Snider, "when knowingly and with deliberate indifference to his constitutional rights, defendants denied him reasonable medical care for his serious medical condition, thereby causing him extensive pain and suffering and ultimately death." (Docket Entry No. 14, ¶¶ 1-2) In brief, it is alleged that during January 2010, when Mr. Snider was a pretrial detainee in the custody of Sheriff Patrick Ray at the DeKalb County Jail, he suffered a bout of pancreatitis for which he received limited medical attention despite progressively worsening symptoms and constant complaints from both Mr. Snider and his mother, plaintiff Hullett. On January 30, 2010, Mr. Snider died of his pancreatitis, a serious but generally not life-threatening medical condition. This lawsuit was filed on January 28, 2011, pursuant to 42 U.S.C. § 1983 and Tennessee common and statutory law. The Amended Complaint alleges two federal claims under the Fourteenth Amendment: "Failure to Provide Medical Care and Treatment (Against All Defendants Except County)" and "Failure to Train and Supervise (Against Defendants SHP, Stultz, Riddle, Ray and the Sheriff)." Id. at pp. 12-22. Plaintiff's § 1983 claims for violations of Mr. Snider's constitutional rights are not challenged by the

pending motions to dismiss.

Plaintiff's Amended Complaint also alleges -- under the heading "State Statutory and Common Law Claims" -- the aforementioned GTLA claim against the County; a claim of civil conspiracy by all defendants to deprive Mr. Snider of his federally protected rights; a claim of outrageous conduct by all individual defendants; a claim against all defendants for damages due to Mr. Snider's wrongful death; a claim of medical negligence against Stultz and Riddle, with alleged imputed liability to SHP; a claim for an award of punitive damages on account of the conduct of all individual defendants; and, a claim against SHP for violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101 et seq. (Docket Entry No. 14 at pp.22-27)

As an initial matter, the parties agree that plaintiff's TCPA claim is subject to dismissal. (Docket Entry No. 36 at 2-3) Accordingly, that claim will be DISMISSED.

The basis for the County's argument for dismissal of the GTLA claim against it is the exclusive jurisdiction provision of the Act, which states that "[t]he circuit courts shall have exclusive original jurisdiction over any action brought under this chapter and shall hear and decide such suits without the intervention of a jury, except as otherwise provided in § 29-20-313(b)...."[1] Tenn. Code Ann. § 29-20-307. Citing Beddingfield v. City of Pulaski,

---

[1] In turn, § 29-20-313(b) provides as follows:
 When suit is brought in circuit court in a case in which there are multiple defendants, one (1) or more of which are a governmental entity or entities or governmental entity employee or employees whose liability or lack thereof is to be determined based upon the provisions of this chapter and one (1) or more of which are not such governmental entity or entities or governmental entity employee or employees, the case shall be heard and decided by a jury upon the demand of any party....

Under the Court's ruling here, should plaintiff opt to pursue both her GTLA and medical negligence

Tenn., 666 F.Supp. 1064 (M.D. Tenn. 1987), rev'd on other grounds, 861 F.2d 968 (6th Cir. 1988), the County argues that this provision of the GTLA deprives this Court of subject matter jurisdiction over the GTLA claim, or alternatively, that it requires the Court to decline to exercise its supplemental jurisdiction. While the Court does not agree that its supplemental jurisdiction under 28 U.S.C. § 1367 is defeated by the state legislature's pronouncement in § 29-20-307, see, e.g., Brown v. City of Memphis, 440 F.Supp.2d 868, 878 (W.D. Tenn. 2006), the alternative holding in Beddingfield -- that such jurisdiction should, as a matter of discretion, be declined in light of § 29-20-307 -- is persuasive here.

        Title 28, section 1367 of the United States Code provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This statute codified the principles set forth in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), wherein the Supreme Court held that jurisdiction over a pendent state law claim is proper only when that claim and the federal claim(s) over which the court has original jurisdiction "derive from a common nucleus of operative fact," and are so closely related that the plaintiff "would ordinarily be expected to try all of them in one judicial proceeding." Gibbs, 383 U.S. at 725. However, even in the presence of such a close relationship, § 1367 goes on to allow that the

---

claims in Tennessee circuit court, any party to such suit may demand a jury trial. While plaintiff argues that such a result would frustrate the legislative preference that GTLA claims be tried to the court without a jury, this Court cannot find such frustration of legislative intent where the exception allowing jury consideration is recognized in the same section of the statute which expresses the general preference for bench trials.

4

exercise of supplemental jurisdiction is a matter of the court's discretion, as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

> Depending on a host of factors, then—including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims—district courts may decline to exercise jurisdiction over supplemental state law claims. The statute thereby reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."

City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

Both this Court and the Sixth Circuit have repeatedly held that the Tennessee legislature's "unequivocal preference" that GTLA claims be adjudicated in the circuit courts of the state is an exceptional circumstance justifying the district court's decision to decline supplemental jurisdiction, pursuant to § 1367(c)(4). E.g., Gregory v. Shelby Co., Tenn., 220 F.3d 433, 446 (6th Cir. 2000), abrogated in part by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001), as stated in DiLaura v. Twp. of Ann

Arbor, 471 F.3d 666, 671 n.2 (6th Cir. 2006); Bluedorn v. Wojnarek, 2008 WL 4791540, at *12 (M.D. Tenn. Oct. 29, 2008) (citing cases). The Court finds no reason to stray from this precedent here, where it appears that plaintiff seeks to impose liability upon DeKalb County based on the alleged negligence of the County itself, in addition to the negligence of County employees, pursuant to a statutory removal of immunity that is to be strictly construed given its enactment in derogation of the state's common law, Limbaugh v. Coffee Med. Center, 59 S.W.3d 73, 83 (Tenn. 2001), despite the possible exception to this removal of immunity under the statute for injuries "aris[ing] out of ... civil rights," Tenn. Code Ann. § 29-20-205(2). Cf. Heyne v. Metropolitan Nashville Public Schools, 686 F.Supp.2d 724, 734-35 (M.D. Tenn. 2009) (finding county immune upon agreement of plaintiff, and declining supplemental jurisdiction over GTLA claims against individual employees).

Moreover, plaintiff's GTLA claim to recover for negligence attributable to the County must be construed as an alternative pleading, since all individual defendants have been sued for intentional violations of Mr. Snider's civil rights in their individual and official capacities, see id. at 734, and an official capacity suit against the Sheriff and other County employees is, in effect, a suit against DeKalb County itself. E.g., Fox v. Van Oosterum, 176 F.3d 342, 347-48 (6th Cir. 1999). Indeed, the allegations against Sheriff Ray, who is asserted to be a policymaking official of DeKalb County, are in the language of municipal liability under § 1983: "The Sheriff's policies, customs, practices or usages in failing to train and supervise the Jail correction officers were the moving forces and proximate cause of the violation of Snider's Fourteenth Amendment rights." (Docket Entry No. 14 at 21, ¶ 89; id. at 14, ¶ 55); Fox, 176 F.3d at 348. Thus, plaintiff's attempt to exclude DeKalb County from her

6

federal causes of action is undone by her own pleadings.

As a result, the County, its employees, and its contract medical providers stand accused of wrongful conduct that is alleged to be both intentional (for purposes of plaintiff's constitutional claims and her civil conspiracy, outrageous conduct,[2] and punitive damages claims) and negligent (for purposes of plaintiff's GTLA, wrongful death, and medical negligence claims). Just as *respondeat superior*, the theory of imputed liability which undergirds the GTLA claim here, cannot be the basis for DeKalb County's liability under plaintiff's § 1983 claims, see Fox, 176 F.3d at 348 (citing Bd. of County Comm'rs of Bryan Co., Okla. v. Brown, 520 U.S. 397, 403 (1997)), so too is the theory of medical negligence incompatible with plaintiff's § 1983 claim of deliberate indifference to Mr. Snider's serious medical needs. Accordingly, in addition to the "exceptional circumstance" of the GTLA's exclusive jurisdiction provision, the Court finds another "compelling reason" for declining supplemental jurisdiction over the negligence-based state law claims to be the potential for jury confusion.

In Padilla v. City of Saginaw, 867 F.Supp. 1309 (E.D. Mich. 1994), the district court, citing the U.S. Supreme Court's decision in Moor v. County of Alameda, 411 U.S. 693 (1973), found sufficiently compelling reason for declining supplemental jurisdiction in a § 1983 civil rights action with pendent state law negligence claims, on account of the significant potential for jury confusion with "[t]he state claims and federal claims hav[ing] different legal standards, rules of vicarious liability and immunity, and recoverable

---

[2]Outrageous conduct is simply intentional infliction of emotional distress by another name. Bain v. Wells, 936 S.W.2d 618, 622 n.3 (Tenn. 1997).

7

damages...." 867 F.Supp. at 1315.  Here, as in Padilla, the differences between the intentional torts and negligent torts allegedly committed would require a jury to keep track of differing standards of conduct which may trigger liability under one but not the other of the two theories, and would likely require bifurcation in order to avoid an "award [of punitive] damages not recoverable under state law on theories not actionable under federal law." Id. at 1316.  The Court finds that these factors of (1) potential jury confusion and (2) the comity concern presented by the GTLA's exclusive reservation of jurisdiction in the circuit courts of Tennessee, outweigh the concerns of economy and convenience to the parties and witnesses that would be served by having all of these factually related claims adjudicated at one time, in one court.

Accordingly, the Court will retain jurisdiction over the state law claims of civil conspiracy and outrageous conduct (as well as the claim for a punitive damages award against the individual defendants), which follow alongside the intentional, constitutional torts within this Court's original jurisdiction.  The Court will decline jurisdiction over the state law claims based on negligence, including the GTLA, wrongful death, and medical negligence claims.

III.

In light of the foregoing, the Court will GRANT in part and DENY in part defendants' motions to dismiss, as follows:  both the DeKalb County defendants' motion (Docket Entry No. 25) and the SHP defendants' motion (Docket Entry No. 28) will be granted insofar as plaintiff's GTLA claim, her wrongful death claim, and her claim for

medical negligence will be dismissed without prejudice to her ability to pursue these claims in Tennessee Circuit Court, and denied insofar as this Court will retain jurisdiction of plaintiff's state law claims for civil conspiracy and outrageous conduct, as well as her claim for punitive damages. In addition, the SHP defendants' motion will be granted insofar as plaintiff's TCPA claim will be dismissed.

An appropriate Order will enter.

**ENTERED** this 7th day of February, 2012.

 s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE